IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
RICHARD DEAN MEARS,            )
                               )
        Plaintiff,             )
                               )
    v.                         )    1:20CV536
                               )
PHILLIPS CORPORATION, d/b/a    )
JEFFREYS MANUFACTURING         )
SOLUTIONS, INC., ALAN PHILLIPS,)
MICHAEL GARNER, and BILL       )
WITHERS,                       )
                               )
        Defendants.            )
```

## MEMORANDUM OPINION AND ORDER

**OSTEEN, JR., District Judge**

This matter comes before the court on a Motion for Judgment on the Pleadings, (Doc. 24), filed by Defendants Phillips Corporation, Alan Phillips, Michael Garner, and Bill Withers (together "Defendants"). Pro se Plaintiff Richard Dean Mears ("Plaintiff") objected to the motion and filed a response. (Doc. 27). For the reasons described herein, this court finds that Defendants' Motion for Judgment on the Pleadings should be granted.

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

   A.   **Factual Background**

The facts taken in the light most favorable to Plaintiff are as follows. Plaintiff applied online for a job with the Phillips Corporation, doing business as Jeffreys Manufacturing Solutions, Inc., in July 2018. (Complaint ("Compl.") (Doc. 2) at 4.)[1] The online application asked whether Plaintiff had ever been convicted of a crime. (Id.) Plaintiff answered "Yes" and attempted to list all his convictions but could not because the "online application only allowed for a certain number of characters." (Id.) Thus, he was only able to list one of his several convictions. (Id. at 6, 9.)

Plaintiff was never asked about his criminal history during multiple job interviews, and eventually Phillips Corporation hired him. (Id. at 6-7.) Plaintiff began work on October 1, 2018. (Id. at 7.)

Plaintiff was fired two and a half months later. (Id.) Plaintiff was told he was being terminated because "someone in the office . . . had conducted a Google search on Plaintiff and had found out about Plaintiff's prior convictions," and then

---

[1] All citations in this Memorandum Opinion and Order to documents filed with the court refer to the page numbers located at the bottom right-hand corner of the documents as they appear on CM/ECF.

"brought it to the attention of [company management]." (Id. at 7, 10.)

   B.   **Procedural Background**

   Plaintiff filed his pro se Complaint on June 16, 2020. (Compl. (Doc. 1).) Plaintiff "contends that he was wrongfully terminated and that in doing so, the defendants violated the Fair Credit Reporting Act." (Id. at 9.) Plaintiff seeks both punitive and compensatory damages. (Id. at 4.)

   Defendants filed a Rule 12(c) Motion for Judgment on the Pleadings on October 14, 2020, (Doc. 24), along with an accompanying Memorandum, (Doc. 25). Plaintiff responded. (Doc. 27.) This matter is now ripe for adjudication.

II. **STANDARD OF REVIEW**

   A.   **Pro se Complaints**

   Pro se filings are "to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation and quotation marks omitted). A "pro se complaint[] should not be dismissed summarily unless 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Gordon v. Leeke, 574 F.2d

1147, 1151 (4th Cir. 1978) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (quotation marks omitted)).

However, even pro se complaints must "contain more than labels and conclusions" to survive a Rule 12 motion. Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quotation marks omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007)) (dismissing pro se complaint). Importantly, the "'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate." Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

### B.  Motions for Judgment on the Pleadings

Motions for judgment on the pleadings are "designed to dispose of cases when the material facts are not in dispute and the court can judge the case on its merits by considering the pleadings." Hill v. Equifax Info. Servs., LLC, 974 F. Supp. 2d 865, 873 (M.D.N.C. 2013) (quotation marks omitted) (quoting Preston v. Leake, 629 F. Supp. 2d 517, 521 (E.D.N.C. 2009)).

"The standard of review for Rule 12(c) motions is the same as that under Rule 12(b)(6)." Drager v. PLIVA USA, Inc., 741 F.3d 470, 474 (4th Cir. 2014). Since the standards are the same, a court reviewing a motion under Fed. R. Civ. P. 12(c) must "apply the standard for a Rule 12(b)(6) motion," W.C. & A.N.

-4-

Miller Dev. Co. v. Cont'l Cas. Co., 814 F.3d 171, 176 (4th Cir. 2016), meaning that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "[T]he court must accept all of the non-movant's factual averments as true and draw all reasonable inferences in its favor." SmithKline Beecham Corp. v. Abbott Labs., No. 1:15CV360, 2016 WL 922792, at *3 (M.D.N.C. Mar. 10, 2016) (citations omitted). This court does not, however, accept legal conclusions as true. Iqbal, 556 U.S. at 678.

### III. ANALYSIS

This court will grant the Motion for Judgment on the Pleadings because Plaintiff's factual allegations, taken as true and liberally construed, are insufficient to state a plausible claim under the Fair Credit Reporting Act ("FCRA").

#### A. Plaintiff's Failure to Specify Which FCRA Sections the Defendants Allegedly Violated Does Not Require Dismissal

Defendants argue that "the entry of judgment against Plaintiff is proper" "because Plaintiff does not specify what provision of FCRA he is contending Defendants violated." (Mem. of Law in Supp. of Defs.' Rule 12(c) Mot. for J. on the Pleadings ("Defs.' Br.") (Doc. 25) at 4.)

-5-

The two cases Defendants cite in support of this argument, Wiggins and Booker, do not persuade this court that Plaintiff's claim should be dismissed on such grounds. In Wiggins, the pro se plaintiff's FCRA claim was dismissed not merely because it failed "to cite any specific sections or subsections of the FCRA," but also because it crucially failed "to allege facts sufficient to satisfy any of the required elements for an FCRA claim." Wiggins v. Planet Home Lending, LLC, No. 5:14-CV-862-D, 2015 WL 3952332, at *7 (E.D.N.C. June 29, 2105). Thus, the pro se complaint's failure to specify a particular statutory section was not alone grounds for dismissal.

Additionally, in Booker, the plaintiff's failure to specify "which provisions of the multifaceted federal statutes have been violated by Defendants," was only grounds for dismissal after the plaintiff had been represented by counsel for two months but had made no effort to remedy the plaintiff's defective complaint. Booker v. Washington Mut. Bank, FA, 375 F. Supp. 2d 439, 441-42 (M.D.N.C. 2005). In contrast, here, Plaintiff remains unrepresented.

As discussed, supra Part II.A, pro se plaintiffs' complaints "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson, 551 U.S. at 94. Plaintiff argues that he deliberately

-6-

chose not to specify which sections of the FCRA Defendants violated and instead purposefully cited "Title 15 U.S.C. Section 1681 et seq. . . . to refer to the various subsections of [the FCRA] because almost all are implicated by defendants' actions." (Pl.'s Obj. to Defs.' Rule 12(c) Mot. For J. on the Pleadings and Resp. to Defs.' Mem. of Law in Supp. Of Defs.' Rule 12(c) Mot. For J. on the Pleadings ("Pl.'s Resp.") (Doc. 27) at 5.) Considering Plaintiff's pro se status, his purportedly intentional decision not to specify any section of the FCRA, while perhaps inartful, is not by itself fatal at this preliminary juncture.

**B.    Plaintiff's Complaint Fails to State a Plausible Claim for Relief Under Any Section of the FCRA**

Defendants argue that Plaintiff's FCRA claims fail as a "matter of law." (Defs.' Br. (Doc. 25) at 7.) They assert that all the FCRA sections conceivably implicated by Plaintiff's allegations[2] are, by statute, predicated on the existence of a "consumer report" generated by a "consumer reporting agency." (Id. at 6.) Defendants claim that the coworker who uncovered information about Plaintiff's criminal history does not meet the

---

[2] Defendants list the following sections as potentially relevant: 15 U.S.C. §§ 1681b(b)(1)(A)(i), (ii), 1681b(b)(2)(A)(i), (ii), 1681b(b)(3)(A)(i), (ii), 1681m(a), and 1681n(b). Plaintiff agrees that these sections are implicated by his allegations. (See Doc. 27 at 5-7.)

-7-

FCRA's definition of a consumer reporting agency and therefore liability under the FCRA is a legal impossibility. (Id.)

Plaintiff concedes that the coworker is not a consumer reporting agency. (Pl.'s Resp. (Doc. 27) at 3.) ("[I]t is true that a co-worker is not a 'consumer reporting agency.'"). Nevertheless, Plaintiff asserts that the FCRA applies to the coworker's conduct because "the FCRA (Fair Credit Reporting Act) is the primary federal law regulating employment background checks," and therefore applies "where an employer takes any information it receives from any party . . . and uses that information to make adverse decisions on an employee." (Id. at 3-4 (emphasis added).) Plaintiff cites no authority to support this far-reaching application of the FCRA.

Plaintiff's argument for such a broad reading of the FCRA ignores the statute's text. The FCRA "'has been drawn with extreme care' . . . and courts must respect the balance struck by Congress when interpreting its provisions." Ross v. FDIC, 625 F.3d 808, 812 (4th Cir. 2010) (quoting Nelson v. Chase Manhattan Mortg. Corp., 282 F.3d 1057, 1060 (9th Cir. 2002)). This court agrees with Defendants that all the potentially applicable provisions of the FCRA, see supra note 2, are explicitly predicated on the existence of a consumer report, which the FCRA defines as "any written, oral, or other communication of any

-8-

information by a consumer reporting agency." 15 U.S.C. § 1681a(d)(1) (emphasis added). The FCRA defines a consumer reporting agency as "any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties." Id. § 1681a(f).

In the interest of ensuring that no set of facts could support this pro se claim, even if Plaintiff's admission that the "co-worker is not a 'consumer reporting agency,'" (Pl.'s Resp. (Doc. 27) at 3), was ignored, Plaintiff's factual allegations do not plausibly establish that the coworker falls within the statutory definition for consumer reporting agencies. Plaintiff never alleges that the coworker was compensated for sharing information on Plaintiff's criminal background with company management. Nor does Plaintiff allege that the coworker regularly engaged in the practice of gathering such information. Therefore, the FCRA does not apply to the conduct of the coworker.

Bing v. Brivo Sys., LLC, Civil Action No. PX-18-1543, 2019 WL 277752, at *1 (D. Md. Jan. 22, 2019), aff'd on other grounds, 959 F.3d 605 (4th Cir. 2020), ruled similarly on analogous

-9-

Case 1:20-cv-00536-WO-JLW Document 38 Filed 09/13/21 Page 9 of 11

facts. In Bing, the plaintiff was hired despite disclosing two criminal convictions on his job application. However, an employee overseeing his orientation learned from Google that the plaintiff had been tangentially connected to additional criminal activity. (Id.) Based on that information, the employee terminated the plaintiff. (Id.) The plaintiff alleged that the employer "violated the FCRA by relying on a Google search as a basis for his termination." (Id. at *4.) The court dismissed the claim as a matter of law because the plaintiff had not alleged the existence of a consumer reporting agency. (Id.)

Here, Plaintiff has not only failed to allege the existence of a consumer reporting agency, but he has also expressly admitted that his former coworker does not meet the applicable statutory definition. (Pl.'s Resp. (Doc. 27) at 3.) Accordingly, in light of the FCRA's plain text, the relevant case law, and Plaintiff's own concession, the Complaint — even liberally construed — does not contain sufficient facts to constitute a plausible claim under any potentially applicable section of the FCRA.

## IV. CONCLUSION

For the foregoing reasons, this court finds that Defendants' Motion for Judgment on the Pleadings should be granted.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Judgment on the Pleadings, (Doc. 24), is hereby **GRANTED** and this action is dismissed.

A Judgment dismissing this action will be entered contemporaneously with this Memorandum Opinion and Order

This the 13th day of September, 2021.

_____
United States District Judge